United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION STARKS, <br>       Petitioner. <br>   v. <br> MICHAEL HENNESSEY, <br>       Respondent. | No. C 09-6073 MMC (PR) <br><br> **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** <br><br> **(Docket Nos. 3 & 4)** |

     On December 30, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed in forma pauperis.

## BACKGROUND

     The allegations in the petition are not entirely clear. It appears, however, that petitioner is attempting to challenge the validity of two convictions. The first conviction, for armed robbery, was obtained in the San Francisco County Superior Court in 1994 and resulted in petitioner's placement on probation for three years with an eight-month jail sentence as a condition thereof. The second conviction, for assault and robbery, was obtained in the San Francisco County Superior Court in 1997 and resulted in petitioner's placement on probation for three years with a one-year jail sentence as a condition thereof. Currently, petitioner appears to be incarcerated on charges of assault with a deadly weapon.

     In the instant petition, petitioner claims that both his 1994 and 1997 convictions were

unlawful.

## DISCUSSION

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Analysis

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Specifically, a habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). This requirement is jurisdictional. Carafas, 391 U.S. at 238.

Here, it is clear that petitioner is not currently in custody under the conviction or sentence obtained for either the 1994 or 1997 convictions, because both the three-year probationary period and eight-month sentence for the 1994 conviction and the three-year probationary period and one-year sentence for the 1997 conviction have expired.

The custody requirement may, however, be satisfied by a petitioner's challenge to the validity of an expired conviction that he maintains is being used as a predicate or enhancement to his current confinement or sentence, even if the petitioner is no longer in custody for the prior conviction. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). Although petitioner herein does not clearly allege that his expired

2

convictions are being used as predicates or enhancements to his current confinement or sentence, the Court will liberally construe the petition to so allege.

Even if the Court assumes the custody requirement has been satisfied, the petition nevertheless is subject to dismissal because, with one limited exception, an expired conviction cannot be challenged in an attack upon the later sentence it was used to enhance. Id. at 403-04. Specifically, with respect to state convictions, the Supreme Court has stated:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. (internal citation omitted).

The only exception to this rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). See id. at 404. Additionally, a petitioner challenging an expired conviction used to enhance a later sentence must first exhaust his state judicial remedies as to his later sentence. See Brock v. Weston, 31 F.3d 887, 891 n.7 (9th Cir. 1994).

Here, petitioner alleges his 1994 and 1997 convictions were unlawfully obtained due to the ineffective assistance of counsel and prosecutorial and judicial misconduct. Consequently, the Lackawanna exception for challenges to prior convictions used to enhance a current sentence is inapplicable. Further, even if the exception did apply, there is no indication that petitioner has exhausted state judicial remedies as to such claim in the context of a challenge to the current sentence he is serving for assault with a deadly weapon.

Based on the above, the Court concludes that to the extent the instant petition attempts to challenge the validity of petitioner's 1994 and 1997 convictions, the custody requirement is not satisfied. Alternatively, to the extent the instant petition attempts to challenge petitioner's current sentence based on the allegedly unlawful prior convictions, such claim is not cognizable in federal habeas corpus and, even if it were cognizable, the claim is

unexhausted.  Accordingly, for the foregoing reasons, the petition is hereby DISMISSED

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket Nos. 3 and 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 23, 2010

_____
MAXINE M. CHESNEY
United States District Judge